UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELLERMAN CONSTRUCTION INCORPORATED United States for the use of…, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 2:12-cv-00166-DKL-WTL |
| OHIO FARMERS INSURANCE COMPANY, MLE ENTERPRISES, INC., | ) ) ) ) ) | |
| Defendants. | | |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff, Ellerman Construction Inc.'s ("Ellerman"), *Motion for Summary Judgment.* [Dkt. 58.] In this action, Ellerman alleges a claim pursuant to the Miller Act, 40 U.S.C. §§ 3131, *et seq.*, as well as claims of breach of contract and quantum meruit. For the reasons set forth below, the Court **GRANTS** Ellerman's Motion.

**I.    INTRODUCTION**

This action surrounds the repair of a historic river wall at the George Rogers Clark Memorial in Vincennes, Indiana. Defendant MLE Enterprises Inc. ("MLE") secured a federal contract for the project and executed a payment bond with Defendant Ohio Farmers Insurance Company ("Ohio Farmers"), as required by the Miller Act. MLE then executed a subcontract with Ellerman to perform work on the project. MLE

fell behind on its payments to Ellerman which prompted Ellerman to terminate the contract. Ellerman filed this lawsuit to recover payment for work performed prior to the termination of the contract and now seeks summary judgment on its breach of contract and Miller Act claims.

## II.   LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007). To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. Smith Amundsen LLC,* 662 F.3d 818, 822 (7th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

### B. Local Rule 56.1

Local Rule 56.1 governs the summary judgment procedure in this district. The rule requires a party filing for summary judgment to file a supporting brief with a section labeled "Statement of Material Facts Not in Dispute" containing the facts: (1) that are potentially outcome determinative of the motion; and (2) as to which the movant contends there is no genuine issue. S.D. Ind. L. R. 56.1(a). The rule also requires parties to support each fact "with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." S.D. Ind. L. R. 56.1(e). The party opposing summary judgment then must include a section labeled "Statement of Material Facts in Dispute" that identifies the potentially determinative facts and factual disputes the party contends preclude summary judgment. S.D. Ind. L.R. 56.1(b).

The Seventh Circuit has "consistently and repeatedly upheld" a district court's discretion to require strict compliance with its local rules governing summary judgment. *Bordelon v. Chicago Schools Reform Bd. of Tr.*, 233 F.3d 524, 527 (7th Cir. 2000). "A party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the nonconforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

### III. FACTS

As a preliminary matter, neither party's statement of facts complied with Local Rule 56.1. Specifically, Ellerman's factual assertions are not supported by specific

citations to record evidence.  Thus, the Court is unable to determine precisely what materials in the record Ellerman relies upon to support its motion.  For example, Ellerman cites to "Exhibit D" as support for numerous assertions.  Ellerman does not provide a pinpoint page citation, yet Exhibit D consists of 26 pages of material.

In response, Defendants did not identify material facts in dispute as required by the Rule.  Instead, Defendants properly labeled their facts as "Material Facts in Dispute," but actually provided a full recitation of the facts, many of which are consistent with Ellerman's recitation, without specifically identifying which facts are disputed.  The Seventh Circuit consistently holds that a judge is not required to scour the record searching for evidence to support a party's claims or factual assertions.  *See, e.g., Bomard v. Fort Wayne Newspapers, Inc.* 92 F.3d 560, 562 (7th Cir. 1996).  The Court also has the discretion, in the interest of justice or for good cause, to determine whether to enforce strict compliance with this rule.  S.D. Ind. L.R. 56.1(l).

The Court does not believe either party's failure to comply with Local Rule 56.1 impedes its ability to determine whether there are disputed material facts that prohibit summary judgment.  At the Court's discretion, the resolution of Ellerman's Motion for Summary Judgment is based upon the following undisputed material facts:

- On May 12, 2010, MLE entered into a contract with the National Parks Service ("NPS") for the repair of the Historic River Wall at the George Rogers Clark Memorial in Vincennes, Indiana.  [Dkt. 1-3 – 1-7.]

- MLE and Ohio Farmers executed a payment bond as required by the Miller Act.  [Dkt. 1-8.]

- On May 19, 2010, MLE and Ellerman entered into a subcontract in which Ellerman agreed to provide labor and materials for the Historic River Wall project. [Dkt. 1-9 at 1.]

- Ellerman billed MLE $2,597,316.67 for work completed on the project. [Dkt. 67-3 at 12.]

- MLE paid Ellerman $2,355,250.32. [Dkt. 67-3 at 12.][1]

- The subcontract allowed Ellerman to terminate the contract "for nonpayment of amounts due under this Subcontract for 60 days or longer." [Dkt. 1-9 at §7.1.]

- MLE failed to pay an invoice dated December 20, 2010, in the amount of $54,410.00. [Dkt. 67-3 at 13.]

- MLE owes a balance of $47,701.85 for an invoice dated June 20, 2011. [Dkt. 67-3 at 13.]

- MLE owes a balance of $32,882.82 for an invoice dated July 20, 2011. [Dkt. 67-3 at 13.]

- MLE owes a balance of $107,071.68 for an invoice dated December 31, 2011. [Dkt. 67-3 at 13.][2]

- Ellerman terminated the subcontract on February 29, 2012. [Dkt. 59-13.]

## IV.   DISCUSSION

Ellerman seeks offensive summary judgment on its breach of contract claim against MLE and its Miller Act claim against Ohio Farmers.[3]

---

[1] The Court notes the difference of $242,066.36.
[2] The Court notes the sum of the amounts owed is $242,066.36
[3] Ellerman does not address its quantum meruit claim nor does it seek summary judgment on Defendants' counterclaims against Ellerman.

1. **Breach of Contract**

Ellerman alleges MLE breached the subcontract by nonpayment of amounts due. Indiana law sets forth three *prima facie* elements for a breach of contract claim: the existence of a contract, a breach by MLE, and resulting damages. *Niezer v. Todd Realty, Inc.,* 913 N.E.2d 211, 215 (Ind. Ct. App. 2009). The parties do not dispute the existence of the subcontract. MLE denies Ellerman has not been fully paid for the work performed; however, this denial is not supported by evidence in the record outside of its own responses to requests for admission.

To adequately dispute a statement of fact, the opposing party must cite specific support in the record; an unsubstantiated denial or a denial that is mere argument or conjecture is not sufficient to create a genuinely disputed issue of material fact. *Hartford Fire Ins. Co. v. Taylor*, 903 F. Supp. 2d 623, 638 (N.D. Ill. 2012). MLE's denial that Ellerman was not fully paid is nothing more than mere argument or conjecture concerning an issue that is not relevant to this motion. Request for Admission No. 7 asked MLE to admit or deny whether Ellerman had been fully paid. [Dkt. 67-3 at 7.] MLE responded that "Ellerman failed to complete the project and replacement contractors charged more than what was budgeted and contracted for and therefore Ellerman has been paid for its work." *Id.* Essentially, MLE claims that Ellerman is not entitled to payment for work performed because MLE had to hire more expensive contractors to finish the job. But this argument ignores the fact that Ellerman had the right to terminate the subcontract for nonpayment. The sequence of events that occurred *after* the termination is not relevant to this motion. The question before the

Court is whether MLE breached the subcontract when it failed to pay Ellerman amounts due for 60 days or longer. Based upon the undisputed facts discussed below, the Court finds that MLE breached the subcontract.

It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed only if both parties set forth admissible evidence of its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. *Woods v. City of Chicago*, 2013 WL 5299533 (N.D. Ill. Sept. 18, 2013). Here, MLE denies it owes Ellerman for the project but fails to support its denial with anything other than a similar denial in another document. Moreover, MLE's denial is based upon its belief that it is owed a setoff because of the additional cost MLE incurred to complete the project. MLE argues that there are issues of fact with regard to how much it owes Ellerman in light of these expenses. It very well may be that there are disputed facts regarding a potential setoff, but that is not relevant to the issue at hand. Whether there is a setoff and how much the setoff would be is the subject of MLE's counterclaims against Ellerman. Neither party filed summary judgment on MLE's counterclaims.

At issue here is whether MLE breached the subcontract by failing to timely pay Ellerman for work performed. The parties assert the following undisputed facts: Beginning in December 2010, MLE became delinquent in its payments under the subcontract. Ellerman exercised its right to terminate the contract for nonpayment in February 2012. During the course of the contract Ellerman billed MLE $2,597,316.67

and MLE paid Ellerman $2,355,250.32. MLE's own document reflects a "Balance Owed to Date" of $242,066.36, the same amount Ellerman claims it is owed. During the course of the subcontract up until its termination by Ellerman, there are no disputed facts concerning the reason for the termination of the contract or the amount owed under the contract. The Court finds Ellerman has established the existence of a contract, its breach and resulting damages. As there are no genuine issues of material fact, the Court **GRANTS** summary judgment on Ellerman's breach of contract claim.

### 2. The Miller Act

Ellerman alleges a claim against Ohio Farmers under the Miller Act, a federal law that provides financial protection to subcontractors for government construction projects. It allows an unpaid subcontractor to pursue a private right of action to collect on the bond posted for the project. *United States Department of the Navy v. Norden Enterprises,* 2004 WL 42318, at *4 (N.D.Ill. Jan. 6, 2004). Specifically, the Act states:

> Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due. 40 U.S.C. § 3133(b)(1).

Ordinarily, the subcontractors on a private construction project can secure a mechanic's lien against the property, but a lien cannot attach to government property.

*See F.D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.,* 417 U.S. 116, 122 (1974). Therefore, Congress intended the Miller Act to provide protection for the suppliers of material and labor on federal projects. *See United States ex rel. Westinghouse Elec. Supply Co. v. Sisson,* 927 F.2d 310, 312 (7th Cir.1991). Furthermore, the Miller Act is "entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects." *MacEvoy,* 322 U.S. at 107.

Ellerman must prove four elements to collect under the Miller Act: (1) that labor and materials were supplied for work in the particular contract at issue; (2) that the supplier is unpaid; (3) that the supplier had a good faith belief that the labor and materials were for the specified work; and (4) that the jurisdictional requirements were met. *United States v. Pickus Const. & Equip. Co., Inc.,* 2000 WL 190574 (N.D. Ill. Feb. 9, 2000). As discussed above, the only disputed fact relevant to this motion is whether Ellerman was fully paid for work already performed. Therefore, the first, third and fourth elements of the Miller Act analysis are deemed met.

Again, MLE's assertion that Ellerman was fully paid is based upon its belief that it is entitled to a setoff for expenses incurred after the termination of the contract. The Court has already found the issue of a potential setoff on damages is not properly before it. The question before the Court is whether Ellerman was paid in full within 60 days of the day the work was performed. As demonstrated above, Ellerman has not been paid in full for work performed. The Court **GRANTS** summary judgment on Ellerman's claim under the Miller Act.

V.     **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Ellerman's Motion for Summary Judgment. [Dkt. 58.] It is therefore **ORDERED** that Ellerman Construction, Inc. shall recover from Ohio Farmers Insurance Company and MLE Enterprises, Inc., jointly and severally, actual damages in the amount of **$242,066.36**.

The trial in this case is set for **9 a.m. EST on November 25, 2013**, with the final pretrial conference and settlement conference set for **10 a.m. and 11 a.m.** respectively on **November 7, 2013**. The Court reminds the parties to review Section VIII of the Case Management Plan [Dkt. 26] for an outline of the pre-trial preparation that must be completed by **October 24, 2013** and **October 31, 2013**.

The following claims remain for trial: Ellerman's quantum meruit claim and MLE's counterclaims of breach of contract, breach of the implied covenant of good faith and fair dealing, negligence and quantum meruit. The Court **ORDERS** Ellerman to notify the Court within seven days of the date of this Order whether it plans to pursue the quantum meruit claim at trial.

Date: 10/16/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kevin Michael Quinn
BOSE MCKINNEY & EVANS, LLP
kquinn@boselaw.com

Vilda Samuel Laurin, III
BOSE MCKINNEY & EVANS, LLP
slaurin@boselaw.com

James David Roellgen
EMISON DOOLITTLE KOLB & ROELLGEN
roellgen@emisonlaw.com

Brian Michael Johnson
EMISON DOOLITTLE KOLB & ROELLGEN LLP
johnson@emisonlaw.com